IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMOTHY R. McCRAY, ) | |
| ) | |
| Plaintiff(s), ) | No. C 06-4805 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| J. RODRIGUEZ, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at Kern Valley State Prison in Delano, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that superior court deputy clerk J. Rodriguez unlawfully interfered with his right to file in state superior court when Rodriguez returned to him various pleadings unfiled. Plaintiff specifically references and attaches four letters in which Rodriguez explained that the documents were being returned because they did not comply with a specific local rule or procedure (e.g., plaintiff did not use current court forms and/or failed to list all defendants in the caption) and asked plaintiff to resubmit them.

Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. <u>Miller v. Gammie</u>, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. <u>Id.</u> at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." <u>Buckley</u>, 509 U.S. at 269 (1993)

(quoting Forrester v. White, 484 U.S. 219, 229 (1988)).  Accordingly, state actors are granted absolute immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law.  Miller, 335 F.3d at 897.

 Here, Rodriguez's actions of returning various pleadings to plaintiff on the ground that they did not comply with a local rule or procedure is functionally comparable to one for which officials were immune at common law – it is functionally comparable to a judge's determination as to whether a litigant has complied with local rules and procedures.  Rodriguez is entitled to absolute immunity from his/her enforcement of the court's filing local rules and procedures.  See id.; see also Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (clerks of court had absolute quasi-judicial immunity from damages for civil rights violations when they performed tasks that were an integral part of the judicial process); Sharma v. Stevas, 790 F.2d 1486, 1486 (9th Cir. 1986) (clerk of court had absolute quasi-judicial immunity under FTCA where his acts were integral part of judicial process).

 Plaintiff's complaint must be dismissed because it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

## CONCLUSION

 For the foregoing reasons, plaintiff's request to proceed in forma pauperis is DENIED and the complaint is DISMISSED under the authority of § 1915A(b).

 The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.  No fee is due.

SO ORDERED.

DATED: Aug. 17, 2006

           CHARLES R. BREYER
           United States District Judge